Argued and submitted April 24, affirmed as modified June 8, 1981

In the Matter of the Marriage of

HEBERT,
*Appellant,*
*and*
HEBERT,
*Respondent.*

(No. D8002-61197, CA 19156)

629 P2d 419

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief was Dean C. Werst, Tualatin.

Eric C. Larson, Gresham, argued the cause for respondent. With him on the brief was Larson and Sharp, Gresham.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

In this dissolution of marriage case we affirm the trial court in all respects except a provision in the decree relating to the disposition of certain real property in which wife's mother resides.

The parties bought the property in question in 1956. In 1958 the wife's parents moved into the house and agreed to make the mortgage payments and to maintain the property in exchange for their living on the property. Wife's mother (wife's father is now deceased) continues to live there. The decree provides:

> "* * * [Husband] shall have Judgment against the [wife] in an amount equal to fifty (50) percent of the net sale price received on the sale of the property, or fifty (50) percent of the assessed value of the property when [wife's] mother vacates the same. The amount is due and payable upon the vacation of the premises, or the sale of the property, whichever first occurs. * * * "

Given the nature of the property division in this case, we believe the conditions that determine when husband will realize his interest in the property are too remote and uncertain. We, therefore, modify that portion of the decree.

The record indicates that wife would allow her mother to continue to live in the house if wife were awarded the property. There was evidence that the house could be rented for more than the amount wife's mother is paying on the mortgage. Wife testified that there is no obligation on the part of the parties to provide her mother a place to live, and there was no evidence that the mother has any intention of vacating the premises.

Because wife was awarded the family home, and because there are no other significant assets other than husband's retirement programs, we believe husband should not be compelled to wait an indeterminate time to receive his monetary interest in the property. We, therefore, modify the decree to provide that in the event wife's mother has not vacated the premises or the property has not been sold within three years from the date of the decree wife shall pay to husband fifty percent of the fair market value of the property at that time.

Affirmed as modified. No costs to either party.